UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRA MARKOPOULOS, )<br>)<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>BALANCED HEALTHCARE )<br>RECEIVABLES LLC, and )<br>OMNICARE OF NORTHERN )<br>ILLINOIS, )<br>)<br>DEFENDANTS. ) | Civil Action No._____ |

## **COMPLAINT**

Plaintiff, ALEXANDRA MARKOPOULOS, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendants BALANCED HEALTHCARE RECEIVABLES, LLC, and OMNICARE OF NORTHERN ILLINOIS. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), conspiracy to defraud, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. ("Consumer Fraud Act").

## **VENUE AND JURISDICTION**

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

2. Venue in this District is proper because Defendants' collection demands were received here, and Defendants transact business here.

## PARTIES

3. Plaintiff, Alexandra Markopoulos, ("Plaintiff"), is an individual and resident of Cook County, Illinois, and a "consumer" as defined at 15 U.S.C. §1692a(3) of the FDCPA.

4. Defendant, Balanced Healthcare Receivables, LLC, ("BHR") is a debt collection agency engaged as a "debt collector" as defined by and within the meaning of the FDCPA, §1692a, engaged in the business of collecting debts in this State where Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone.

5. Defendant, Omnicare of Northern Illinois ("Omnicare") is a foreign LLC pharmaceutical care provider that does business in the State of Illinois.

## FACTS COMMON TO ALL COUNTS

6. On or about February 26, 2010, a debt collector named Vengroff, Williams, & Associates, Inc. sent Plaintiff a collection letter, a copy of which is attached hereto as Exhibit A.

7. The letter sought to collect a medical care debt allegedly owed by Plaintiff to Omnicare of Northern Illinois, in the amount of $4,242.48 ("alleged debt"), that has been declared in default, incurred for personal, family, or household reasons.

8. In truth and in fact, Plaintiff did not owe the alleged debt, and did not owe any amount of money to Omnicare of Northern Illinois, the creditor listed on Exhibit A.

9. Plaintiff had repeatedly disputed that she owed the alleged debt. The alleged debt was owed, if at all, by a relative of Plaintiff that had himself disputed the accuracy of the alleged debt.

10. At all times relevant hereto, Omnicare was aware that Plaintiff did not owe the alleged debt that it sought to collect from the Plaintiff, yet Defendant sought without basis to collect said alleged debt from Plaintiff despite being aware of this fact.

11. On March 26, 2010, Plaintiff filed a lawsuit in the Northern District of Illinois against Vengroff, Williams and Associates, Inc. ("Vengroff"), the debt collector hired by Omnicare to wrongfully collect the alleged debt from Plaintiff, who did not owe any of the alleged debt. (See Exhibit B, copy of lawsuit filed by Plaintiff).

12. On April 13, 2010, Plaintiff settled the lawsuit with Vengroff upon terms that, *inter alia*, required Omnicare and Vengroff to pay the alleged debt owed by Plaintiff's relative off in full. Notably, Omnicare was a signatory to the Release that was executed settling the suit among the parties.

13. Despite the existence of said Agreement, Omnicare again assigned the alleged debt to be wrongfully collected from Plaintiff by a new collection agency, BHR.

14. BHR attempted to collect the alleged debt from Plaintiff by sending a collection letter to the Plaintiff dated May 19, 2010, stating that Plaintiff owed a balance of $4,242.48 to Omnicare. (See Exhibit C, collection letter sent by BHR dated May 19, 2010).

15. Upon information and belief, BHR was aware that the alleged debt of $4,242.48 did not exist at the time that it attempted to collect the same from the Plaintiff.

16. Upon information and belief, BHR was aware that Plaintiff did not owe the alleged debt of $4,242.48 at the time that it attempted to collect the same from the Plaintiff.

17. At the time BHR sent the collection letter, a copy of which is attached hereto as Exhibit C, the alleged debt had been paid in full.

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT—15 U.S.C. § 1692 et seq.--BHR

18. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

19. Defendant's violations of the FDCPA include, but are not limited to:

   A. Defendant violated §1692d by engaging in conduct, as set forth and described in the above paragraphs, the natural consequence of which is to oppress, harass, and abuse the Plaintiff;

   B. Defendant violated §1692e when it falsely and deceptively misrepresented that Plaintiff owed the debt referenced in Exhibit C, when in truth and in fact neither Plaintiff nor anyone else owed said alleged debt;

   C. Defendant violated §1692e(2) when it misrepresented the character, amount, and legal status of the alleged debt by stating that Plaintiff owed the debt referenced in Exhibit C when, in truth and in fact, she did not owe said debt;

   D. Defendant violated §1692e(5) when it stated in Exhibit C that the account was turned over "for collection" from Plaintiff when said collection action could not legally be taken by Defendant, since Plaintiff does not owe the alleged debt referenced in Exhibit C;

      E.      Defendant violated §1692e(10) when it used the false representation, in <u>Exhibit C</u>, that the alleged debt was owed by the Plaintiff when in fact it was not the account of the Plaintiff, and the alleged debt was not owed by Plaintiff nor by anyone else;

      F.      Defendant violated §1692f when, through the acts taken described in the above paragraphs, it used unfair and unconscionable means to attempt to collect the alleged debt;

      G.      Defendant violated §1692f(1) when it attempted to collect the alleged debt from Plaintiff that was not authorized by any agreement entered into by the Plaintiff, and was not permitted by law;

20.      The foregoing acts and omissions undertaken by the Defendant have resulted in Plaintiff suffering severe mental distress.

21.      As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff requests that judgment be entered in her favor against the Defendant for:

      A.      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

      B.      Actual damages;

      B.      Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(2); and

      C.      Such other or further relief as the Court deems proper.

**COUNT II-CONSIPRACY TO DEFRAUD-BHR AND OMNICARE**

22.      On and before May 19, 2010, Defendant Omnicare was in the business of providing pharmaceutical care.

23.      On and before May 19, 2010, Defendant BHR was in the business of debt collection, specializing in collection of healthcare receivables.

24. Prior to May 19, 2010, Defendant BHR and Defendant Omnicare entered into an agreement whereby Defendant BHR would attempt to collect the alleged $4,242.48 debt from Plaintiff.

25. At the time that said agreement between the parties was formed, upon information and belief, both Defendants were aware that Plaintiff did not owe the alleged debt and that the alleged debt, in fact, did not exist.

26. In furtherance of said agreement, Defendant Omnicare forwarded the account to BHR so that it may attempt collection of the alleged debt from the Plaintiff.

27. In furtherance of said agreement, on or around May 12, 2010 Defendant BHR sent Plaintiff a collection letter dated May 19, 2010, addressed to the Plaintiff, stating that Plaintiff owed an "amount due" of $4,248.48, and also stating that "this is an attempt to collect a debt". (See <u>Exhibit C</u>, collection letter sent by BHR dated May 19, 2010).

28. As a result of Defendants' actions, Plaintiff suffered extreme emotional distress, anxiety, and feelings of helplessness, and Plaintiff again was forced to hire an attorney to attempt to resolve the issue of Omnicare's continued efforts to attempt to collect a debt from her that neither she, nor anyone, owes.

WHEREFORE, Plaintiff requests that judgment be entered in her favor against the Defendant for:

    A.    Actual damages;

    B.    Costs and reasonable attorney fees; and

    C.    Such other or further relief as the Court deems proper.

## **COUNT III-CONSUMER FRAUD-OMNICARE**

29. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

30. At all relevant times, there was in full force and effect in the State of Illinois a statute commonly known as the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2.

31. Plaintiff is a consumer within the meaning of the Consumer Fraud and Deceptive Business Practices Act [815 ILCS 505/1(e)].

32. The collection of debts constitutes services as defined by the Consumer Fraud and Deceptive Business Practices Act [815 ILCS 505/1(b)].

33. The collection of debts constitutes trade and commerce as defined by the Consumer Fraud and Deceptive Business Practices Act [815 ILCS 505/1(f)].

34. Employees and/or agents of Omnicare made material misrepresentations to Plaintiff regarding her ongoing liability on the alleged debt when they executed a Release extinguishing the alleged debt in its entirety on or around April 13, 2010.

35. Despite executing the Release, Omnicare continued to attempt to collect the alleged debt from Plaintiff by consigning said debt for collection by its agent BHR, from the Plaintiff. Specifically, after Omnicare had extinguished the debt, BHR sent Plaintiff a letter dated May 19, 2010, at Omnicare's diurection, materially misrepresenting that Plaintiff owed a balance of $4, 242.48 to Omnicare. (See Exhibit C, collection letter sent by BHR dated May 19, 2010).

36. Notably, even if said alleged debt were due and owing, said alleged debt would not be owed by the Plaintiff since she neither incurred said debt, nor agreed at any time to become bound to pay said debt.

37. Plaintiff relied on Omnicare's misrepresentation and hired an attorney to advise her on whether there was any basis for her to be liable on the alleged debt, as indicated by Omnicare via the letter sent by BHR dated May 19, 2010 stating that Plaintiff owed a balance of $4, 242.48 to Omnicare. (See Exhibit C, collection letter sent by BHR dated May 19, 2010).

38. Plaintiff was damaged by Omnicare's actions and suffered, *inter alia*, emotional distress, feelings of helplessness, anxiety, and financial damages as the result of Omnicare's attempts to collect said alleged debt.

39. Omnicare's conduct is part of a patern of misconduct which affects consumers and the public interest, and has a potential for repetition and further injury to others. Its actions in relentlessly attempting to collect a debt from Plaintiff that she does not owe were made in reckless disregard of the rights of Plaintiff, thereby warranting the imposition of punitive damages.

WHEREFORE, PLAINTIFF, ALEXANDRA MARKOPOULOS, prays that this Court enter judgment in his favor against the Defendant, OMNICARE, as follows:

A. Award Plaintiff judgment in the amount of her actual damages;

B. Award Plaintiff punitive damages in the amount of $50,000;

C. Award Plaintiff costs of bringing this action and attorney fees incurred in so doing, pursuant to 815 ILCS 505/10 (c);

D. Award Plaintiff whatever other relief this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

                                            By: s/ Mario Kris Kasalo
                                                   Mario Kris Kasalo

**The Law Office of M. Kris Kasalo**
**"A Consumer Protection Law Firm"**
111 East Wacker Drive, Suite 555
Chicago, Illinois 60601
tele 773.847.2600
fax 773.847.0330
mkriskasalo@yahoo.com